

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,205

### EX PARTE DAVID LEE SWAIM JR., Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. F2005-1851-E IN THE 367TH DISTRICT COURT FROM DENTON COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment. The Second Court of Appeals affirmed his conviction. *Swaim v. State*, No. 02-07-165-CR (Tex. App.–Ft. Worth, delivered March 13, 2008).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that his conviction had been affirmed and that he could file a *pro se* petition for discretionary review.

Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court has entered findings of fact and conclusions of law that appellate counsel failed to timely notify Applicant that his conviction had been affirmed. The trial court recommends that relief be granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Second Court of Appeals in Cause No. 02-07-165-CR that affirmed his conviction in Case No. F2005-1851-E from the 267th Judicial District Court of Denton County. Applicant shall file his petition for discretionary review with the Second Court of Appeals within 30 days of the date on which this Court's mandate issues.

Applicant's remaining claims are dismissed. *Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: August 26, 2009
Do not publish